State v. Jackson

---

STATE OF NORTH CAROLINA v. ALBERT ALEXANDER JACKSON

No. 8326SC21

(Filed 1 November 1983)

1. **Criminal Law § 74.3— principal's confession competent to explain subsequent contact of police**

In a prosecution for aiding and abetting an armed robbery, the trial court properly allowed an investigating officer to make references to a confession made by one of the two principals during his testimony since the principal's confession constituted the only evidence the investigators had which implicated defendant, and it was therefore competent to explain their subsequent conduct in taking defendant into custody. The principal's confession was also competent to explain the process through which the police obtained defendant's statement admitting knowledge of the crime.

2. **Criminal Law § 9.4— aiding and abetting robbery—sufficiency of evidence**

In a prosecution for aiding and abetting an armed robbery, the trial court properly submitted the case to the jury where the evidence tended to show that defendant admitted the two principals had told him they were going to "rob something"; that when they got into his car, "they decided they would rob Payton's store"; they wanted him to wait around the corner, but he told them he would wait at his uncle's house, and they should come there if they robbed the store; that the principals then came to his uncle's house, got in his

car, said they had robbed the store, and offered him $10.00 to take them to Fairview Homes which he did.

APPEAL by defendant from *Friday, Judge.* Judgment entered 13 August 1982 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 26 September 1983.

Defendant was tried separately as an aider and abettor of an armed robbery. The State's evidence tended to show that he drove the two principals to the scene of the robbery and waited for them a short distance away. After the robbery he drove them home.

Police arrested defendant after they had arrested one of the principals who gave a confession which implicated defendant. Defendant then confessed during custodial interrogation. At trial he denied knowledge of the robbery, although he admitted transporting the two principals.

From a judgment of imprisonment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Guy A. Hamlin, for the State.*

*Larry Thomas Black for defendant appellant.*

WHICHARD, Judge.

[1] Defendant challenges the admission, during the testimony of the investigating officer, of references to a confession made by one of the two principals. He argues that the references constituted inadmissible hearsay.

"If a statement is offered for any purpose other than that of proving the truth of the matter asserted, it is not objectionable as hearsay." *State v. White,* 298 N.C. 430, 437, 259 S.E. 2d 281, 286 (1979); *State v. Irick,* 291 N.C. 480, 497-98, 231 S.E. 2d 833, 844-45 (1977); *see* 1 H. Brandis, North Carolina Evidence § 141 (1982). "The statements of one person to another are admissible to explain the subsequent conduct of the person to whom the statement was made." *State v. White, supra* (content of phone call pinpointing murder victim's car); *State v. Irick, supra* (content of radio dispatches connecting defendant to car used in crime).

Here, the principal's confession constituted the only evidence the investigators had which implicated defendant. It was therefore competent to explain their subsequent conduct in taking him into custody. During custodial interrogation defendant originally denied any knowledge of the robbery. Evidence of the principal's confession thus also was competent to explain the process through which the police obtained defendant's statement admitting knowledge of the crime.

Defendant also argues that admission of this testimony denied him his Sixth Amendment right to confront and cross-examine his accuser, *viz,* the principal whose confession implicated him. He relies primarily on *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 2d 476 (1968).

Because the incriminating admissions of the principal were admissible under the well-recognized rule of evidence permitting introduction of statements of one person to explain the subsequent conduct of another to whom the statement was made, "the *Bruton* choice, does not present itself." *State v. Hardy,* 293 N.C. 105, 118, 235 S.E. 2d 828, 836 (1977); *see also State v. Porter,* 303 N.C. 680, 695-97, 281 S.E. 2d 377, 388 (1981). Further, the incriminating principal was not tried jointly with defendant. There is no indication that defendant attempted to secure his presence at trial. *See* G.S. 15A-805 (1978). The State was not, as defendant appears to contend, required to produce the principal for him. We find this contention without merit.

[2] Defendant also contends the court erred in denying his motion to dismiss. We disagree.

After an extensive *voir dire,* the court properly admitted a statement which defendant gave to a police investigator. Defendant therein admitted the following: The two principals had told him "they were going to lick something or rob something." When they got into his car, "they decided they would rob Payton's store." They wanted him to wait around the corner; but he told them he would wait at his uncle's house, and they should come there if they robbed the store. They then came to his uncle's house, got in his car, said they had robbed the store, and offered him ten dollars to take them to Fairview Homes. He took them, and they paid him the money.

This evidence permitted a reasonable inference that defendant shared the criminal intent of the principals and rendered necessary aid to them. It thus sufficed to take the case to the jury on an aiding and abetting theory. *See State v. Barnette*, 304 N.C. 447, 458-59, 284 S.E. 2d 298, 305 (1981). The court fully and properly instructed on aiding and abetting.

No error.

Chief Judge VAUGHN and Judge PHILLIPS concur.